**HARRY WIBOWO THE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–4634–ag.

United States Court of Appeals, Second Circuit.

May 18, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

Frances E. Catron, Acting United States Attorney for the Eastern District of Kentucky, John S. Osborn, III, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Harry Wibowo The, through counsel, petitions for review of the BIA's decision affirming an Immigration Judge ("IJ"), Adam Opaciuch's, denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

### I. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the

untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although this Court retains jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and matters of statutory or regulatory construction, see *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 178–80 (2d Cir.2006), petitioner has raised no such issues in this case. The Court therefore lacks jurisdiction to review the denial of petitioner's asylum application.

## II. Withholding of Removal

■ An applicant may meet his burden for withholding of removal by showing that there is a pattern or practice of persecution on account of a protected ground of a group of persons in which the applicant is included and with which he identifies in his country of removal. 8 C.F.R. § 1208.16(b)(2). Although The identified with the group of ethnic Chinese Christians in Indonesia, he failed to offer sufficient proof that he was likely to suffer persecution on account of his membership in this group. The's children, also ethnic Chinese Christians, remain unharmed in Indonesia, undermining his objective fear of persecution. See *You Hao Yang v. BIA*, 440 F.3d 72, 75 (2d Cir.2006) (citing *Matter of A–E–M–*, 21 I. & N. Dec. 1157, 1998 WL 99555 (BIA 1998)). Therefore, The has failed to establish a country-wide pattern or practice of persecution against ethnic Chinese Christians. 8 C.F.R. § 1208.16(b)(2).

## III. CAT Relief

■ Because The failed to argue his claim for CAT relief before the BIA, he failed to exhaust his remedies with respect to that claim and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).