**XIU JIAN ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–1660–ag.**

United States Court of Appeals, Second Circuit.

May 19, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Alexander K. Yu, New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, John Stuart Bruce, Anne M. Hayes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of May, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this decision.

Xiu Jian Zheng, through counsel, petitions for review of the BIA's decision affirming an Immigration Judge ("IJ") Gabriel Videla's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir.2005). Here, the BIA found that, assuming the facts of Zheng's claim as true, he had nevertheless failed to establish a well-founded fear of future persecution. More properly stated, Zheng had estab-

lished a well-founded fear of future persecution by his credible claim that he was subject to a threat of sterilization, *see* INA § 101(a)(42), but the BIA held that his well-founded fear was rebutted by finding that Zheng could relocate within China in order to avoid persecution. Although the BIA failed to engage in a past persecution analysis, this was inconsequential because Zheng demonstrated a *prima facie* case of a well-founded fear of government persecution, in which case the burden was on the government to rebut his well-founded fear by showing that he could relocate to another part of China and that it would be reasonable under all the circumstances for him to do so. 8 C.F.R. § 1208.13(b)(3)(ii). This burden would similarly have been on the government had Zheng established past persecution. *Id.*

The BIA concluded that Zheng could relocate from the Fujian province where he feared sterilization to the Sichuan province, where he had family members who were government officials. Zheng had lived in Sichuan for a period of time where he had been able to register his son before he had registered his marriage, his son was able to attend school, and his wife had been exempted from wearing an IUD after giving birth. The regulation on relocation clearly mandates a two-part inquiry: whether relocation would be successful in avoiding persecution and whether it would be reasonable. However, the BIA failed to indicate that it had engaged in any analysis of whether or not it was reasonable under all the circumstances for Zheng and his family to relocate to Sichuan. *See* 8 C.F.R. § 1208.13(b)(3)(ii).

█ Zheng explained and offered evidence that since 2002, both of his children were registered in the Fujian Province. In light of the problems Zheng previously suffered due to complications with the Chinese household registration rules, including his son being prevented from attending school and receiving other necessities, relocation to a province where they are not registered may reinitiate or aggravate these problems. There could be additional hazards in relocation due to the complex administrative regulations in China of which the BIA was not aware. The BIA neither took account of these factors in making a reasonableness determination nor allowed Zheng the opportunity to respond to its finding with additional evidence, as this was a *de novo* finding by the BIA. Even if Zheng would not suffer persecution by relocating, if relocation is unreasonable, Zheng's well-founded fear of persecution is not rebutted. *See* 8 C.F.R. § 1208.13(b)(3)(ii). Therefore, remand is required for the BIA to make the requisite determination of whether relocation would be reasonable.

█ Because the standard for granting withholding of removal is more stringent than the standard for granting asylum and because the BIA denied the request for the former as an *a fortiori* conclusion, we also remand the request for withholding for further proceedings. Because Zheng has failed to exhaust his claim for CAT relief, however, this Court has no jurisdiction to review that claim. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).