**Liu Yi QIANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.**

No. 04–5629–AG.

United States Court of Appeals, Second Circuit.

May 25, 2006.

David X. Feng, New York, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the March 20, 2006 due date specified in the scheduling order issued on February 16, 2006, this case has been decided without the benefit of re-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as a respondent in this case.

spondent's brief. See Local Rule § 0.29(d).

Present WILFRED FEINBERG, GUIDO CALABRESI, JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Liu Yi Qiang, through counsel, petitions for review of the September 2004 BIA order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); Jin Yu Lin v. U.S. Dep't of Justice, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Secaida–Rosales v. INS, 331 F.3d 297, 306–13 (2d Cir.2003). The Court reviews de novo questions of law and the application of law to undisputed fact. See, e.g., Secaida–Rosales, 331 F.3d at 307.

■ The BIA has determined that, for the purposes of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), the forced sterilization or abortion of one spouse is an act of persecution against the other spouse, and that, as a result, the spouses of those directly victimized by coercive family planning policies are as per se eligible for asylum as those directly victimized themselves. See In re C–Y–Z, 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997). However, because the BIA has never adequately explained its rationale for establishing spousal eligibility under § 601(a) of the IIRIRA, it is unclear whether eligibility should be extended to unmarried couples. See Shi Liang Lin v. U.S. Dep't of Justice, 416 F.3d 184 (2d Cir.2005). This case must be remanded because the BIA's decision hinged on Qiang and his partner not being lawfully married.

It is also noted that the BIA's determination that Qiang failed to present sufficient objective evidence to establish that he has a well-founded fear of persecution, apart from his partner's abortion, is flawed. First, the BIA erred in indicating that Qiang's sterilization notice did not corroborate his claim, due to lack of authentication according to 8 C.F.R. § 287.6. The BIA failed to recognize that the regulation mentioned is not the exclusive means of 7 authenticating documents and that it might not be reasonable to expect to have an authenticated document from an alleged persecutor. See Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 404–05 (2d Cir.2005).

■ Second, the BIA erroneously placed "excessive reliance" on the State Department Profile on China. See Tian–Yong Chen v. INS, 359 F.3d 121, 130 (2d Cir.2004). The BIA concluded that Qiang's claim was undermined by the State Department Profile, which referred to a lack of awareness of forced abortions or sterilizations, and the imposition of economic penalties on families that violate the family planning law. However, while the State Department Profile may provide a "useful and informative overview" of the conditions in China, its contents "do not automatically discredit contrary evidence presented by the applicant." Tian–Yong Chen v. INS, 359 F.3d 121, 130 (2d Cir. 2004).

On the other hand, this Court lacks jurisdiction to review Qiang's CAT claim because he failed to exhaust this issue on appeal to the BIA. See 8 U.S.C. § 1252(d);

*Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2004).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).