**Zulfi SODOLI, Rodina Sodoli, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–2288–AG.**

United States Court of Appeals, Second Circuit.

May 25, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Charles Christophe, New York, NY, for Petitioner.

Frank D. Whitney, United States Attorney, Anne M. Hayes, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, NC, for Respondent.

Present JAMES L. OAKES, RICHARD J. CARDAMONE and DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Zulfi and Rodina Sodoli, through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Sandy Hom's denial of Zulfi's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA adopted none of the IJ's legal reasoning or conclusions. *See* JA at 2. Therefore, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005).

### A. Asylum

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review either the agency's finding, pursuant to 8 U.S.C. § 1158(a)(2)(B), that an asylum application was untimely or its finding, pursuant to 8 U.S.C. § 1158(a)(2)(D), that there was neither changed nor extraordinary circumstances excusing the untimeliness. Although, under 8 U.S.C. § 1252(a)(2)(D), this Court retains jurisdiction to review constitutional claims and matters of statutory or regulatory construction, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir. 2006), petitioner has raised no such issues

in this case. Therefore, the Court lacks jurisdiction to review the denial of petitioner's asylum application.

## B. Withholding of Removal and CAT Relief

■ This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Questions of law regarding "what evidence will suffice to carry any asylum applicant's burden of proof" is reviewed *de novo. Jin Shui Qui v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003).

The BIA found that Zulfi had failed to establish that he suffered past persecution. This Court has found that minor beatings, such as those suffered by Zulfi at the 1997 demonstration in Gostivar, do not amount to persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) (citing *Eusebio v. Ashcroft*, 361 F.3d 1088, 1091 (8th Cir.2004), for the well-established principle that minor beatings and brief detentions do not amount to political persecution). Moreover, the racial slurs directed at Zulfi, while unfortunate, were harassment, not persecution. *See Ivanishvili v. Department of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (noting that harassment consists of repeated words or conduct directed at a person to annoy or cause the person emotional distress). Nor did Zulfi's experiences fall under either exception to the general rule that compulsory military service is not persecution. *Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005) (identifying the exceptions as (1) disproportionately excessive penalties inflicted on petitioner on account of a protected ground or (2) petitioner being threatened with conscription and/or punishment by a military force condemned by the international community for committing crimes against humanity).

■ Zulfi also failed to establish that he would more likely than not be targeted by persecutors in Macedonia or that he was a member of a group which suffers a pattern or practice of persecution in Macedonia. *See* 8 C.F.R. § 1208.16(b)(2). The Department of State's *2002 Country Reports on Human Rights Practices (Macedonia)* notes that a law providing amnesty to all those who evaded the government's draft was enacted in 2002. Although the background materials indicate that there continue to be isolated abuses of ethnic Albanians in Macedonia, they were few in number and sharply decreased from previous years. Further, efforts to recruit ethnic Albanians into the police and military was apparently a response to grievances by the ethnic Albanian community that they were underrepresented in these government positions.

Because Zulfi's claim for CAT relief is based on the same grounds as his claim for withholding of removal, Zulfi's failure to meet the standard for withholding of removal precludes him from meeting the standard for CAT relief. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).