Jin Yu LIN, Petitioner,

v.

**US DEPT. OF JUSTICE, Attorney General Ashcroft, Respondents.**

**Docket No. 03–4853.**

United States Court of Appeals, Second Circuit.

Submitted: May 19, 2005.

Decided: July 1, 2005.

---

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Bradley W. Murphy, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Respondent.

Before: OAKES and JOSÉ A. CABRANES, Circuit Judges, and GOLDBERG, Judge.*

JOSÉ A. CABRANES, Circuit Judge.

Jin Yu Lin, a native and citizen of the People's Republic of China ("China"), petitions this Court for review of an April 25, 2003 order of the Board of Immigration Appeals ("BIA"), *In re: Jin, Yu Lin,* File A77–347–418 (BIA Apr. 25,2003) ("BIA Order"), affirming a December 11, 2001 oral decision of an immigration judge ("IJ") that denied petitioner's application for asylum and withholding of removal.[1] Because we hold that the denial of petitioner's application is "supported by 'reasonable, substantial, and probative evidence on the record considered as a whole,'" *Chen v. U.S. I.N.S.,* 359 F.3d 121, 127 (2d Cir.2004) (quoting 8 U.S.C. § 1105a(a)(4) (repealed 1996)), we deny the petition for review.

## BACKGROUND·

On January 18, 2001, shortly after her arrival in the United States, petitioner was placed in removal proceedings by the Immigration and Naturalization Service. In an application dated July 19, 2001, petitioner sought asylum and withholding of removal principally based on her contention that she had been persecuted in China due to her opposition to China's coercive family planning policies. Following a December 11, 2001 hearing, the IJ denied petitioner's application for asylum and withholding of removal based, *inter alia,* on his finding that petitioner was not credible.

Petitioner appealed the IJ's decision to the BIA, arguing that she was legally entitled to asylum because she was forcibly sterilized in China in February 1991. *See In re Y–T–L–,* 23 I. & N. Dec. 601, 607 (BIA 2003) ("Coerced sterilization [should be] viewed as a permanent and continuing act of persecution ...."); *see also* 8 U.S.C. § 1101(a)(42) (providing, in relevant part, that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization ... shall be deemed to have been persecuted on account of political opinion").

In its order dismissing petitioner's appeal, the BIA "adopt[ed] and affirm[ed] the decision of the Immigration Judge." BIA Order at 1. In so holding, the BIA stated that it did "not accept all elements of the Immigration Judge's adverse credibility finding," but noted that the IJ had properly found that statements petitioner

---

\* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

**1.** Petitioner sought withholding of removal under both the Immigration and Nationality Act of 1952, 8 U.S.C. § 1101 *et seq.,* and the United Nations Convention Against Torture, adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 14 U.N.T.S. 85; 8 C.F.R. § 208.16.

made regarding the dates of her marriage and the registration of her marriage differed substantially from the documentary evidence petitioner provided in support of her asylum application.[2] *See id.* Because the BIA further held that these "substantial inconsistencies" involved a "material element" of petitioner's claim, namely her marriage, the BIA affirmed the IJ's adverse credibility finding and the resulting denial of petitioner's application for asylum and withholding of removal. *Id.*

## DISCUSSION

■ Petitioner contends that the BIA's holding is legally insufficient because the inconsistencies for which the BIA faulted her, regarding the dates of her marriage, "were minor and did not go to the heart of her asylum claim." Petitioner's Br. at 21 (citing *Wang v. Ashcroft*, 341 F.3d 1015, 1021 (9th Cir.2003)). She argues further that the BIA committed reversible error by failing to address the documentary evidence she submitted in support of her asylum application, which included (1) a radiology report confirming her sterility, (2) a letter from a U.S. doctor certifying that petitioner had undergone tubal sterilization surgery, and (3) a photograph of her sterilization scar. *Id.* at 47.

As an initial matter, we agree with petitioner's contention that whether she was married in the spring or in the fall is of little significance to her asylum claim. We *do* find it significant, however, that peti-

tioner was unable to *recall* whether she was married in the spring or in the fall and that she was generally unable to provide a coherent chronological account of her personal history. Had petitioner's testimony been generally credible and coherent, an isolated discrepancy regarding the date of her marriage may not have been a sufficient basis for denying her application for asylum. *See, e.g., Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000) ("Where an applicant's testimony is generally consistent, rational, and believable, disparities ... need not be fatal to credibility, especially if the errors are relatively minor and isolated ....."). The discrepancies with respect to the dates of petitioner's marriage, however, were not isolated. Petitioner's testimony was, in fact, replete with inconsistencies.[3]

As a result, petitioner cannot—and does not attempt to—argue that we should view the substantial discrepancies regarding the dates of her marriage against the backdrop of otherwise credible and coherent testimony. Instead, petitioner urges that she should not be faulted for her many and varied inconsistent and non-responsive answers because it "was apparent throughout the [asylum] hearing that it was hard for her to remember dates and other important information." Petitioner's Br. at 23. It may be, as petitioner argues, that petitioner's inability to respond to direct questions or recall "important information" is

2. Specifically, petitioner testified that she was married in January 1982. The household registration booklet submitted in support of her application, however, indicates that she was married on July 8, 1980. Likewise, petitioner testified that she registered her marriage on September 9, 1999, but her marriage certificate states that the marriage was registered on March 15, 1999.

3. For example, petitioner initially testified that her first child, a girl, was born April 28,

1982. Petitioner then stated that the child was born in 1998 and subsequently said that her daughter was born in 1993 before finally settling on 1983. It bears underscoring that these inconsistencies did not arise under the arguable stress of cross examination, but in response to direct questioning from her own counsel. In fact, petitioner's testimony was so obviously dubious that the government declined to cross-examine her.

largely attributable to "her lack of education." *Id.* at 9. But the IJ was certainly not compelled to interpret it that way. *See Zhang v. U.S. I.N.S.*, 386 F.3d 66, 74 (2d Cir.2004) (stating that, under the substantial evidence standard, the reviewing court should not "hypothesize excuses for ... inconsistencies" or "justify ... contradictions"). Nor can we credit petitioner's contention that an applicant who is unable to provide consistent or detailed testimony should be believed because her incoherence or inarticulateness is more likely attributable to illiteracy than to untruthfulness; to do so would be to "hypothesize [an] excuse[ ] for [her] inconsistencies," *id.*, which the law prohibits us from doing.

■ Where, as here, the "IJ's adverse credibility finding is based on specific examples in the record of inconsistent statements by the asylum applicant about matters material to [her] claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* (internal citations and quotation marks omitted). In the case at bar, the IJ's adverse credibility determination—which was affirmed by the BIA and finds support in "specific examples" in the record—constitutes a sufficient basis for denying the petition for review. Without detailed, consistent, and credible testimony, petitioner cannot meet her burden of proof with respect to her claim that she was forcibly sterilized in 1991 and consequently cannot establish eligibility for asylum or withholding of removal.

Nor does the documentary evidence petitioner submitted to the IJ carry petitioner's burden in the absence of comprehensive and credible testimony. The documentary evidence suggests only that petitioner is now sterile, not that the Chinese government *forcibly* subjected petitioner to sterilization. As a result, petitioner cannot overcome the IJ's specific finding, affirmed by the BIA, that, due to her lack of credibility, petitioner failed to prove that she was forcibly sterilized.[4] *Cf. Camara v. Ashcroft*, 378 F.3d 361, 370 (4th Cir.2004) (vacating an IJ's adverse credibility finding where the IJ denied an application for asylum after "completely ignor[ing]" documentary evidence, which, standing alone, "provided strong circumstantial evidence that [the asylum applicant had been] imprisoned for a political expression of opposition to the ruling government"). Under the applicable regulations, the "burden of proof is on the applicant for asylum to establish that [she] is a refugee." *See* 8 C.F.R. § 208.13(a). Consequently, because petitioner primarily relied on testimonial evidence to establish her claim of persecution, and did not independently establish her status as a refugee through documentary evidence, the IJ's sustainable adverse credibility finding is fatal to her claim.

Upon our review of the record, we hold that the IJ's determination—that petitioner, due to her inconsistent testimony, failed to establish either past persecution or a well-founded fear of future persecution based on her contention that she was forcibly sterilized in China—is supported by substantial evidence. *See Zhang*, 386

---

**4.** We agree with petitioner that the IJ erred in stating, as an alternative basis for his denial of petitioner's asylum application, that, if petitioner had testified credibly, petitioner still would have been ineligible for asylum. The IJ should not have interpreted petitioner's testimony that she did not want more children to mean that petitioner was indifferent, or tacitly consented, to being sterilized. Because the BIA did not affirm this aspect of the IJ's holding, however, and instead relied on the IJ's adverse credibility determination, this aspect of the IJ's decision does not constitute grounds for vacatur or reversal.

F.3d at 67 (affirming denial of asylum under the substantial evidence standard where the IJ found that the asylum applicant had " 'not presented consistent, detailed or credible testimony' to support his claim of persecution").

## CONCLUSION

Accordingly, we deny the petition for review and affirm the denial of petitioner's application for asylum and withholding of removal.