**XIU QIN DONG, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General,[1] Respondent.**

**No. 03–40598–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

---

1. Attorney General Alberto R. Gonzales has been substituted for his predecessor as the respondent in this matter. *See* Fed. R.App. P. 43(c)(2).

Joan Xie, New York, N.Y., for Petitioner.

Kenneth L. Wainstein, United States Attorney, District of Columbia, Madelyn E. Johnson, Mary R. Pipitone, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

Petitioner Xiu Qin Dong ("Dong"), through counsel, petitions for review of the BIA decision affirming, without opinion, the Immigration Judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). She also claims that the IJ erred in his determination that she filed a frivolous application. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's factual findings under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhang,* 386 F.3d at 74 (quoting *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See id.* at 287. Finally, while we afford "particular deference" to an adverse credibility determination, *Zhang,* 386 F.3d at 74, that determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, such as speculation or conjecture, *Secaida–Rosales,* 331 F.3d at 307, 312.

■ Although the IJ erred in determining the dates of the events and the IJ's reasoning was flawed with respect to Dong's testimony that she filed a complaint with the town government, the IJ cited substantial evidence to support the adverse finding. The IJ's finding that Dong memorized the story, had difficulty answering questions when not asked in a specific order, and the testimony was not believable, consistent, plausible, or detailed is a proper ground for an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Thus, as the omissions and inconsistencies were not the sole basis for the adverse determination, it was not improper for the IJ to cite those factors as further evidence of Dong's lack of credibility. *See Secaida–Rosales,* 331 F.3d at 308; *Jin Yu Lin v. DOJ,* 413 F.3d 188, 190–91 (2d. Cir.2005); *Diallo,* 232 F.3d at 288. Further, in conjunction with the omissions and inconsistencies, Dong's admission that she told a false story at her initial interview was also a proper basis for the adverse credibility finding. As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhang,* 386 F.3d at 71.

■ With respect to the CAT claim, Dong asserts that the BIA improperly denied her withholding of removal pursuant to CAT solely on the basis of an adverse credibility determination. The Immigra-

tion Judge wrote only one sentence discussing Dong's CAT claim: "Once again, as a result of her complete lack of credibility, this Court does not believe she has been able to meet that burden." The BIA summarily affirmed this finding with no opinion.

The law in our Circuit is clear on how the INS must review CAT claims. "The IJ or BIA must consider all evidence of possible torture independent of the IJ's or BIA's analysis of asylum claims." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir. 2005). Specifically, the regulations state:

> In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, *all evidence relevant to the possibility of future torture shall be considered, including, but not limited to:*
>
> (i) Evidence of past torture inflicted upon the applicant;
>
> (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured;
>
> (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and
>
> (iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 208.16(c)(3) (emphasis added).

The BIA failed to address any of Dong's arguments related to the country conditions in China before reaching its conclusion that she had failed to establish that she would be subject to torture upon her return to China. Dong proffered evidence of torture to the BIA, i.e., the 1998 U.S. Department of State China Profile, the 2001 U.S. Department of State Country Condition on Human Rights in China, and a letter (with envelope) from Dong's parents in China. The IJ's denial of CAT relief was clearly based on the assumption that Dong was incredible and not that she provided insufficient evidence.

Although the INS's decisions are normally entitled to deference, here the BIA failed to consider the evidence that it was required to examine under § 208.16(c)(3). Because "the INS may not deny an alien's CAT claim solely on the basis of its determination that the applicant's testimony is not credible," we remand this claim to the BIA for reconsideration. *Ramsameachire,* 357 F.3d at 184.

Dong also raises a challenge to the IJ's determination that she filed a frivolous application. An alien who knowingly submits a frivolous asylum application and who has received notice of the consequences will be permanently barred from receiving any relief under the immigration laws, with the exception of withholding of removal. 8 U.S.C. § 1158(d)(6). For the purposes of this section, an asylum application is frivolous if the applicant has deliberately fabricated any of its material elements. *Id.* The regulation further provides that a finding of frivolousness can only be made if the IJ or BIA is satisfied that the applicant, during the course of the proceedings, had sufficient opportunity to account for discrepancies or implausible aspects of the claim. *Id.; Farah v. Ashcroft,* 348 F.3d 1153, 1156–58 (9th Cir.2003) (where asylum applicant was not given an adequate opportunity to explain the discrepancies that led to the IJ's frivolous ruling, the decision was reversed as inconsistent with the regulation); *Efe v. Ashcroft,* 293 F.3d 899, 908 (5th Cir.2002) (where applicant was given, but failed to take advantage of, ample opportunity to clarify contradictory testimony, and the frivolous finding was affirmed). The Third Circuit has distinguished a finding of frivolousness from an adverse credibility determination: "Inconsistencies between testimony and an asy-

lum application, while certainly relevant to a credibility determination that may result in the denial of an applicant's asylum claim, do not equate to a frivolous finding under 8 U.S.C. § 1158(d)(6)." *Muhanna v. Gonzales,* 399 F.3d 582, 589 (3d Cir.2005). The Court emphasizes that a determination of the inconsistencies' materiality should be made in the context of the applicant's entire narrative. *Id.*

As discussed above, the IJ expressed doubt as to the veracity of all of the testimony and, thus, the testimony may amount to deliberate fabrication under 8 U.S.C. § 1158(d)(6). The totality of the questions posed to petitioner, however, did not afford her a sufficient opportunity to account for all discrepancies found by the IJ in making his adverse credibility determination. *See Farah,* 348 F.3d at 1156–58. For example, when Dong stated that she did not include any statements about suicide in her written application because she did not want her parents to know, the IJ did not ask how they could have found out or attempt to elicit further explanation. Also, when Dong, in response to the IJ's question, stated that she did not include information regarding the four or five occasions when the police went to her parents home on her written application because she did not want people to know about it, the IJ did not ask any additional questions to clarify that response. Accordingly, we grant the petition and remand, in part, as to the determination that the application was frivolous.

Substantial evidence supports the IJ's adverse credibility findings on the asylum claim. However, we remand, in part, as to the CAT claim and the determination that the application was frivolous. The order of the BIA is accordingly AFFIRMED, in part, and VACATED and REMANDED, in part.