**DE YU LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–4179–AG.

United States Court of Appeals, Second Circuit.

April 27, 2006.

De Yu Lin, Gettysburg, Pennsylvania, for Petitioner, pro se.

Because the Court did not receive a brief from the respondent within fifteen days of the January 11, 2006 due date specified in the scheduling order issued on December 12, 2005, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

De Yu Lin, *pro se,* petitions for review of the Board of Immigration Appeals ("BIA") July 2004 decision denying his motion to reconsider the BIA's previous decision, denying his March 2004 motion to reopen his final order of removal. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reconsider for an abuse of discretion. *Zhong Guang Sun v. U.S. Dep't of Justice,* 421 F.3d 105, 107 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001).

■ The premise of a motion to reconsider is that the BIA made an error of fact or law, *"at the time* of [its] previous decision." *Matter of Cerna,* 20 I. & N. Dec. 399, 402 (BIA 1991) (emphasis added). We cannot find that the BIA erred in denying Lin's March 2004 motion to reopen, premised on his wife's alleged forced sterilization in May 2003, when the X-ray he submitted to prove this allegation was not necessarily his wife's, and when he failed to submit a statement from his wife, confirming that the sterilization was forced. *See Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 (2d Cir.2005).

■ In his motion to reconsider, Lin did not allege that the BIA had overlooked any of his previously submitted evidence or arguments. *Cf. Cerna,* 20 I. & N. Dec. at 403 n. 2. Instead, he attempted to account for those deficiencies the BIA had noted in denying the March 2004 motion to reopen by providing additional evidence, notably a statement from his wife. Be-

cause a motion premised on new evidence is more accurately classified as a motion to reopen than one to reconsider, and because Lin had already filed one such motion, the BIA would have been within its discretion in denying this motion as numerically barred. *See* 8 C.F.R. § 1003.2(c)(1)-(2). Therefore, the BIA necessarily acted within its discretion when it opted to consider the merits of the motion notwithstanding, and its conclusion that Lin could have submitted a statement from his wife at the time of his first motion was reasonable. To date, Lin has not provided any explanation for his failure to submit the statement earlier. The BIA clearly considered all Lin's evidence and arguments, and provided a reasoned explanation for rejecting them; therefore, the BIA did not abuse its discretion in denying the most recent motion. *See Ke Zhen Zhao,* 265 F.3d at 93.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).