late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**XUE FENG ZHANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondent.**

No. 04–6103–AG.

United States Court of Appeals, Second Circuit.

May 18, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, New York, for Petitioner.

Stephen J. Sorenson, United States Attorney for the District of Utah, Maggie A. Abuhaidar, Assistant United States Attorney, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Xue Feng Zhang (A 77–998–285), though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Adam Opaciuch's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a brief decision that expressly adopts only the IJ's finding with respect to burden of proof, this Court reviews only that aspect of the IJ's decision. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005) (citing Jin Yu Lin v. U.S. Dep't of Justice, 413 F.3d 188, 191 n. 4 (2d Cir.2005)). Because the BIA did not adopt the IJ's adverse credibility finding, we will assume, but not determine, Zhang's credibility. See id. This Court reviews de novo questions of law and the application of law to undisputed fact. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003). However, this Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Substantial evidence supports the IJ's determination that Zhang failed to establish past persecution. He was never arrested or detained, and the only harm he suffered personally was the closure of his store. Moreover, while Zhang's mother was arrested, she was released after a two-week period, and Zhang has never alleged that she was mistreated in detention.

Further, as Zhang did not establish past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(1).

■ In addition, substantial evidence supports the conclusion that Zhang's fear of future persecution was not objectively reasonable. After the police invaded and closed Zhang's store, they took no further action against him. Zhang's family members told him that the police continued to look for him, but there is no indication that the police had issued a warrant for his arrest, had conducted further investigation, or had made any specific threats against him. Moreover, the police took no further action against Zhang's family members, after his mother was cleared on involvement and released. Therefore, the record as a whole does not compel the conclusion that Zhang established a well-founded fear of future persecution, or that he met the higher burden to establish eligibility for withholding.

Substantial evidence also supports the IJ's denial of CAT relief. Although the background materials in the record confirm that Falun Gong supporters and returnees are subject to imprisonment and mistreatment, Zhang was required to establish that someone in his "particular alleged circumstances" was more likely than not to be tortured in China. See Mu–Xing Wang v. Ashcroft, 320 F.3d 130, 144 (2d Cir.2003). Zhang has not alleged that the police made any specific threats in his case, nor suggested that his mother was tortured when the police suspected her of

involvement in his book-selling enterprise. Therefore, Zhang failed to meet the heavy burden necessary to establish eligibility for CAT relief. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).