**XIU YUN ZHENG, Petitioner,**

**v.**

**BOARD OF IMMIGRATION**

APPEALS,\* Respondent.

No. 05–1910–ag.

United States Court of Appeals,
Second Circuit.

July 28, 2006.

---

\* Although neither party has objected to the designation of the respondent in this petition for review as the "Board of Immigration Reviews," we assume that petitioner intended to designate the "Board of Immigration Appeals." We note, however, that the Attorney General, not the "Board of Immigration Appeals" (or "Reviews"), is the proper respondent. *See* 8 U.S.C. § 1252(b)(3).

Gary J. Yerman, New York, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Xiu Yun Zheng petitions for review of the BIA's order dismissing her appeal from Immigration Judge ("IJ") Paul A. DeFonzo's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying her motion to remand to the IJ. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

Where, as here, the BIA issues its own independent decision that does not adopt the IJ's decision, this Court reviews the decision of the BIA alone. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). The Court reviews factual findings under the substantial evidence standard, overturning them only if a reasonable fact-finder would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004).

■ Zheng argues that, because she bore two children here in the United States, if she were to return to China, she would be subject to sterilization and possible forced abortion. The only relevant evidence that Zheng adduced to support her claim was a letter from her cousin stating that the cousin was forcibly sterilized and had to pay a fine for having a second child without permission. The BIA reasonably discounted this letter, stating that "[Zheng's] lack of credibility in her initially fraudulent claim causes us to give that allegation little weight." Zheng does not challenge the credibility assessment, which is strongly supported by her admission that she lied during her airport and credible fear interviews and on her written application.

■ Next, to the extent that the BIA relied on the State Department Profile, such reliance was not in error. Contrary to Zheng's arguments in her brief, the BIA did not "over-emphasize" the importance of the country profile, particularly in light of the lack of evidence pointing to Zheng's fear of sterilization. The BIA was not bound by the country report in the record, but it was entitled to rely on it, so long as in doing so it did not overlook any contradictory evidence presented by the petitioner. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005); *cf. Tian–Yong Chen v. INS*, 359 F.3d 121, 127–30 (2d Cir.2004) (cautioning the IJ against over-reliance on general conditions in a country report that may be contradicted by direct and particularized evidence of a petitioner's past persecution).

■ Zheng also argues that the BIA failed to rely upon or make reference to Dr. John S. Aird's affidavit and testimony concerning Chinese family planning before making its determination. It is true that the BIA should demonstrate that it has considered evidence of country conditions offered by a petitioner, even if only to reject this evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006). On the other hand, this Court has rejected any implication that where the BIA " 'has given reasoned consideration to the petition, and made adequate findings,' " it must "expressly parse or refute on the record" each individual argument or piece of evidence offered by the petitioner. *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir.2006) (quoting *Morales v. INS*, 208 F.3d 323, 328 (1st Cir.2000) (internal quotation marks omitted)). This is particularly true for evidence, such as the oft-cited Aird affidavit, which the BIA is asked to consider time and again. *See Wei Guang Wang*, 437 F.3d at 274. While the BIA must consider such evidence, it may do so in summary fashion without a reviewing court presuming that it has abused its discretion. *Id.* Given the evidence that was before it and the conclusion it reached in this case, it is clear that the BIA considered and rejected the evidence that the petitioner presented and thus did not err in reaching its conclusion.

■ As Zheng failed to establish the likelihood that a person in her situation would be subject to persecution if she returned to China with children born in the United States, her claim is speculative, and thus fails to meet the standard for a well-founded fear of persecution. *See Jian Xing Huang*, 421 F.3d at 129. Because Zheng was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). There is also no evidence in the record tending to indicate that Zheng would be punished or tortured if she were returned to her country. The agency's determination that Zheng did not present evidence sufficient to support a claim under the CAT is thus substantially supported by the record.

■ A BIA denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider, *i.e.* abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir.2005). Zheng argues that, with respect to her motion to remand, "the [BIA] failed to provide adequate reasoning for disregarding [her] evidence of the likelihood she will be forcibly sterilized." However, a review of the record indicates that the BIA did consider the relevant evidence, and correctly determined that Zheng failed to establish *prima facie* eligi-

bility for relief. For example, the BIA made explicit reference to Zheng's cousin's letter, stating that, although it alleged her cousin's forced sterilization, it bore little weight in light of Zheng's lack of credibility. Furthermore, with respect to Zheng's sister's letter, the essence of the information contained within was not material, nor was it previously unavailable. The letter concerned the family planning law, which had been in effect since September 2002. Zheng had testified that she was aware of China's family planning policies even before the policies were made law in September 2002 and that she had been fearful of forcible sterilizations and abortions. The BIA has wide discretion in determining whether or not to reopen a case, even in cases where the applicant does establish a *prima facie* case. 8 C.F.R. § 1003.2(a); *see INS v. Abudu*, 485 U.S. 94, 108, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Therefore, the BIA clearly did not abuse its discretion in denying the motion, when Zheng did not establish *prima facie* eligibility for asylum. *See Abudu*, 485 U.S. at 104–05, 108 S.Ct. 904.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).