**Mohammed MAMUN, Petitioner,**

**v.**

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–41227–ag.

United States Court of Appeals, Second Circuit.

Sept. 27, 2006.

Michael P. Diraimondo, Melville, New York, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the May 15, 2006 due date specified in the scheduling order is-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as the respondent in this case.

sued on March 28, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Mohammed Mamun, a native and citizen of Bangladesh, petitions for review of the BIA's November 2003 decision overturning Immigration Judge ("IJ") Brigitte LaForest's grant of his application for asylum. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); Jin Yu Lin v. U.S. Dep't of Justice, 413 F.3d 188, 191 n. 4 (2d Cir.2005). This Court reviews the BIA's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, substantial evidence supports the BIA's conclusion that even if he were credible, Mamun failed to prove that he possesses a well-founded fear of persecution. As the BIA noted, although Mamun was threatened by the police on at least two occasions, and detained once for a few hours, he was never physically harmed by anyone. In addition, the reasonableness of Mamun's fear is undermined by his testimony that he was not tracked by the police because they did not create an arrest record for him. In addition, Mamun had family that never left Bangladesh, and who were never bothered by the police or by any other party. Furthermore, Mamun's parents, who had permanent legal status in the United States, voluntarily repatriated to Bangladesh in 1999, and have had no problems since their return. Mamun also stated that no one had asked his parents about his whereabouts since they returned to Bangladesh.

Moreover, the BIA's determination that Professor Adams's expert testimony was inconclusive is supported by the fact that much of Adams's opinion, which indicated that Mamun had a probability of facing mistreatment, was predicated on Mamun's previous arrest in Bangladesh. The arrest, Adams concluded, verified that the government could easily identify Mamun, and that it would have a continuing interest in him. However, before Adams was called to testify, Mamun had already confirmed that he was only detained for a short time, and that he was released from jail before the police made any record of his 1992 arrest.

Finally, the BIA did not err in denying Mamun's withholding of removal claim, where he failed to establish a well-founded fear of persecution, and therefore necessarily failed to prove a likelihood of persecution. See, e.g., Kambolli v. Gonzales, 449 F.3d 454, 457 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) Second Circuit Local Rule 34(d)(1).