**RUI JIN WANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

Nos. 05–6825–ag(L), 06–1533–ag(con).

United States Court of Appeals, Second Circuit.

Jan. 8, 2007.

Gang Zhou, New York, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Paul D. Boeshart, Assistant United States Attorney, Lincoln, Nebraska, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Rui Jin Wang, a citizen of the People's Republic of China, seeks review of a December 6, 2005 order of the BIA overturning the May 6, 2004 decision of Immigration Judge ("IJ") Brigitte Laforest granting his application for asylum. *In re Rui Jin Wang*, No. A95 146 022 (B.I.A. Dec. 6, 2005), *rev'g* No. A95 146 022 (Immig. Ct. N.Y. City May 6, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excuse the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

■ *Constitutional claims.* Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard. *Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104 (2d Cir.2006); *accord Capric v. Ashcroft*, 355 F.3d 1075, 1087 (7th Cir. 2004). It also prohibits arbitrary decisions by the BIA. *Li Hua Lin*, 453 F.3d at 104. However, the Court has stressed that it is not possible to create jurisdiction over a discretionary determination simply by framing it as a due process claim. *See Saloum v. USCIS*, 437 F.3d 238, 243–44 (2d Cir.2006). Wang fails to show a due process violation because he fails to show that the BIA's decision was arbitrary or that he was denied a full and fair hearing.[1]

---

1. Wang makes a related argument that he should have been given notice and the opportunity to rebut the BIA's *sua sponte* reversal of the IJ's finding that his application was timely. Yet the evidence underlying changed circumstances in this case mirrors the evidence underlying the merits of the asylum claim itself: documentation allegedly proving that the existence of two U.S. born children would subject petitioner to forced sterilization upon his return to China. Therefore, assuming *arguendo* that a *sua sponte* reversal could constitute a due process violation, it does not constitute one in this case.

■ *Questions of law.* The BIA found that "the birth of two United States citizen children is not an extraordinary circumstance or changed circumstance sufficient to excuse [Wang's] failure to file an asylum application within 1 year of entering the United States." Whether U.S. born children are counted for purposes of forced sterilization by certain regional authorities in China is a fact very much in dispute, and thus one whose determination Congress has left exclusively to the agency. To the extent that the BIA made a generalized finding of fact as a matter of law, such a finding does not fit within any conception of a "question of law," and thus is not reviewable by this court. We therefore lack jurisdiction to review the BIA's determination that petitioner's asylum claim was untimely, and do not reach the merits of the asylum claim, the only claim he preserves on appeal to this court.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).