**Rahmi MERCAN, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 06–3417–ag.

United States Court of Appeals, Second Circuit.

June 7, 2007.

Andrew P. Johnson, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Erica B. Miles, Attorney, Office

of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Rahmi Mercan, a native and citizen of Turkey, seeks review of a June 20, 2006 order of the BIA affirming the March 21, 2005 decision of Immigration Judge ("IJ") William P. Van Wyke denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Rahmi Mercan,* No. A78 411 936 (B.I.A. June 20, 2006), *aff'g* No. A78 411 936 (Immig. Ct. N.Y. City Mar. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Although substantial evidence does not support the IJ's vagueness finding as it related to Mercan's description of his detentions, we need not remand because we can confidently predict that the agency would affirm its adverse credibility determination on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006). The IJ reasonably relied on inconsistencies related to the following in support of his adverse credibility determination: 1) when Mercan became a member of the Refah Party; 2) whether he participated in "many peaceful demonstrations" in Turkey; 3) Mercan's omission of his 1998 arrest at his credible fear interview; 4) how he became involved with the October 1998 demonstration; 5) whether he was kept in detention with other protesters; 6) whether he was harmed with electric shocks while in detention; and 7) which family member was arrested with him in 1999.

We also agree with the IJ's reliance on Mercan's suspiciously vague testimony regarding the goals of the Refah Party. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir.2003). Moreover, the IJ reasonably rejected Mercan's explanation that his lack of education affected his ability to provide specific testimony. *See Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 190–91 (2d Cir.2005). Lastly, we defer to the IJ's demeanor finding because he provided specific examples of problems with Mercan's demeanor, as well as supported that finding with inconsistencies in the record. *See, e.g., Zhou Yun Zhang,* 386 F.3d at 73; *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir.2006).

All of the IJ's adverse credibility findings were supported by the record and related to essential elements of Mercan's claim. Thus, the IJ's adverse credibility determination is supported by substantial evidence and was a sufficient basis for denying Mercan's asylum claim. *See,*

*e.g., Secaida–Rosales,* 331 F.3d at 308–09 (requiring that to form the basis of an adverse credibility determination, a discrepancies must be "substantial" when measured against the record as a whole).

This Court may review only those categories for relief that an applicant raises before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 118 (2d Cir.2007), *amending* 461 F.3d 101, 104 (2d Cir.2006). In his brief to the BIA, Mercan argued only that he was eligible for asylum; he did not make any arguments regarding his withholding of removal or CAT claims. Accordingly, these claims are not exhausted and they are dismissed for lack of jurisdiction. 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED for lack of jurisdiction in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).