**Yulieht Rendon PORRAS, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 06–3067–ag.**

United States Court of Appeals, Second Circuit.

Jan. 23, 2008.

Jorge Guttlein, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Mona Maria Yousif, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Yulieht Rendon Porras, a native and citizen of Colombia, seeks review of a June 5, 2006 order of the BIA summarily dismissing her appeal from the February 10, 2005 decision of Immigration Judge ("IJ") Noel Ferris denying Porras's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yulieht Rendon–Porras,* No. A76 479 861 (B.I.A. June 5, 2006), *aff'g* No. A76 479 861 (Immig. Ct. N.Y. City Feb. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005).

Here, the petition for review must be denied because, as the government correctly argues, Porras has waived any challenge to the BIA's decision. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Porras has failed to challenge before this Court the BIA's summary dismissal of her appeal from the IJ's decision pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(E), and because addressing this argument does not appear to be necessary to avoid manifest injustice, any such challenge is deemed waived.

Moreover, the government is also correct that Porras failed to exhaust her challenge to the IJ's denial of her application for asylum, withholding of removal, and relief under the CAT. As a jurisdictional prerequisite to judicial review, petitioners must exhaust the categories of relief they seek before the BIA. 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Here, by failing to file a brief with the BIA, Porras failed to exhaust her challenge of the IJ's denial of her application for asylum, withholding of removal, and CAT relief. Thus, as a statutory matter, we are without jurisdiction to consider any such challenge made to this Court in the first instance. 8 U.S.C. § 1252(d)(1). The petition for review is dismissed to that extent.

We are troubled by the poor quality of Porras's brief in this case. Attorney Jorge Guttlein represented Porras both before the agency and in this Court. Here, Guttlein submitted a brief of poor quality that, *inter alia,* did not address the actual basis for the BIA's decision. Additionally, Guttlein's failure to exhaust Porras's application for asylum, withholding of removal, and CAT relief deprived Porras of the opportunity to meaningfully challenge the IJ's denial of this relief. Accordingly, we transfer the matter of Guttlein's conduct in this case to this Court's Grievance Panel for its determination of whether the matter should be referred to the Court's Committee on Admissions and Grievances.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed

our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).