**KE CHIANG DAI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5761–ag.

United States Court of Appeals, Second Circuit.

Oct. 21, 2008.

David X. Feng, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, Greg D. Mack, Senior Litigation Counsel, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ke Chiang Dai, a native and citizen of the People's Republic of China, seeks review of the November 30, 2007 order of the BIA affirming the September 19, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying Dai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ke Chiang Dai,* No. A77 272 724 (B.I.A. Nov. 30, 2007), *aff'g* No. A77 272 724 (Immig. Ct. N.Y. City Sept. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews de novo questions of law and the application of law to undisputed fact. *See, e.g., Vumi v. Gonzales,* 502 F.3d 150, 153 (2d Cir.2007).

In his brief to this Court, Dai does not address the agency's findings: (1) that he failed to establish eligibility for relief based on his wife's alleged mistreatment; (2) that he lacked an independent well-founded fear of persecution due to his alleged violation of the family planning

policy; and (3) that he is not eligible for relief under the CAT. Therefore, we deem any such challenges waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

■ Having waived many of the arguments he made below, Dai now alleges only that he has a well-founded fear of future persecution based on the U.S. government's "release of his confidential information to Chinese officials." He claims that a "new risk of persecution" arose when the INS conducted its investigation into the authenticity of his supporting documentation, thereby bringing him "to the attention of the Chinese government authority" and establishing "his well-founded fear of future persecution."

■ In *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255 (2d Cir.2006), we held that a new risk of persecution may arise due to the government's violation of an asylum applicant's confidentiality under 8 C.F.R. § 208.6. *Zhen Nan Lin,* 459 F.3d at 268. However, where there has been such a violation, the fact-finder must determine whether the breach of confidentiality gave "rise to a new risk of persecution and a new claim for relief based thereon." *Corovic,* 519 F.3d at 96. Here, assuming that the government did violate the confidentiality provision, Dai failed to present any evidence that would establish an objectively reasonable fear of future persecution due to the exposure of his confidential information to the Chinese government. Thus, we find that the BIA did not err in determining that Dai's claimed fear of future persecution was "speculative at best," given his failure to present any "solid support" in the record for his assertion. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Furthermore, because Dai was unable to establish his eligibility for asylum, he was also unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Dai's pending motion for a stay of removal in this petition is DISMISSED as moot.