SUMMARY ORDER

Bu Xin Zhu, a citizen of the People’s Republic of China, seeks review of an April 9, 2008 order of the BIA affirming the May 4, 2006 decision of Immigration Judge (“U”) ThQji^g j Mulligan denying Zhu’s applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Bu Xin Zhu, No. A99 568 282 (BIA Apr. 9, 2008), aff'g No. A99 568 282 (Immig. Ct. N.Y. City May 4, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005); Jin Yu Lin v. U.S. Dep’t of Justice, 413 F.3d 188, 191 n. 4 (2d Cir.2005).[1] We review the agency’s findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Muhasey, 529 F.3d 99, 110 (2d Cir.2008).
The’ BIA properly concluded that Zhu failed to demonstrate eligibility for asylum on account of “other resistance.” See 8 U.S.C. § 1101(a)(42). Zhu argues that he demonstrated “other resistance” when he asked his wife to go into hiding, refused-to reveal his wife’s whereabouts, and though not directly or physically, interfered with the enforcement of the family planning policy. However, contrary to his assertion, Zhu never testified that he asked his wife to go into hiding. Nor does the statement accompanying his asylum application make any such claim. Further, contrary to his argument that he refused to reveal his wife’s whereabouts, Zhu stated that he told family planning officials that his wife went to a relative’s house. Therefore, the BIA properly found that he failed to establish that he resisted the government’s family planning policies, or that his wife’s resistance would be imputed to him. Even if he had engaged in resistance, Zhu does not argue that he suffered any persecution at *386 the hands of the officials. Indeed, Zhu never claimed that he was detained or physically harmed. The BIA thus properly concluded that Zhu had not suffered past persecution. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 340-41 (2d Cir.2006).
Because Zhu did not demonstrate “resistance,” any subjective fear he may.have of returning to China cannot be said to be “on account of’ such resistance. Accordingly, where Zhu established neither past persecution nor a well-founded fear of future persecution, there was no error in the agency’s denial of his application for asylum. Further, because Zhu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral'argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Because the BIA declined to review the IJ's credibility determination or his finding that Zhu’s application was untimely, we do not review those findings. Moreover, Zhu has not challenged the agency's denial of his CAT claim or its finding thaL a new trial was not warranted based on the alleged misconduct of government counsel. Therefore, we deem such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).