08-1383-ag
Wu v. Holder

BIA
Hom, IJ
A 079 424 902

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of April, two thousand ten.

PRESENT:
ROBERT A. KATZMANN,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

————————————————————————————————

XIU QING WU,
*Petitioner,*

v.                                                08-1383-ag
                                                  NAC
ERIC H. HOLDER, JR.,[1] U.S. ATTORNEY
GENERAL,
*Respondent.*

————————————————————————————————

FOR PETITIONER:       Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:       Gregory G. Katsas, Assistant
                      Attorney General; Anh-Thu P. Mai-

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Windle, Senior Litigation Counsel;
Julie M. Iversen, Trial Attorney,
Office of Immigration Litigation,
Washington DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiu Qing Wu, a native and citizen of the People's Republic of China, seeks review of the March 5, 2008 order of the BIA affirming the December 9, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Qing Wu*, No. A 079 424 902 (B.I.A. Mar. 5, 2008), *aff'g* No. A 079 424 902 (Immig. Ct. N.Y. City Dec. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513

(2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination with respect to Wu's past persecution claim. Contrary to Wu's argument, the IJ reasonably relied on the record of her airport interview in finding that her statement at the interview that she left China on March 13, 2001, conflicted with her testimony that she underwent an abortion in October 2001 and left China in November 2001. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004) (setting forth factors to consider in basing an adverse credibility finding on the record of an alien's airport interview). The record of the airport interview includes a verbatim transcript of the questions asked and Wu's responses, the questions were clearly designed to elicit details regarding Wu's asylum claim, and Wu indicated that she fully understood the Chinese translation and the questions posed by the immigration officer. Furthermore, the IJ was not compelled to accept Wu's explanation that she was nervous, that the interpreter made mistakes, and that she had difficulty hearing the interpreter. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an

3

applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). As the IJ noted, Wu provided "correct and recordable answers" to all of the other questions "without any major difficulty or distortions," and the record showed that she "read the questions and answers and made corrections where appropriate," as evidenced by her signature near each change to the transcript.

The IJ also reasonably found that: (1) Wu's statement in her asylum application that birth control officials called her workplace on September 5, 2001, and instructed her to have an abortion conflicted with her testimony that she did not discover the pregnancy until September 13, 2001; and (2) her testimony that she returned to work on September 12, 2001, following her abortion conflicted with her testimony that the abortion took place in October 2001. Although Wu argues that these inconsistencies are too minor to form the basis for an adverse credibility determination, to the extent they concerned her alleged forced abortion, they were central to her claim. *See Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 190 (2d Cir. 2005) (upholding adverse credibility determination where

4

petitioner was "unable to provide a coherent chronological account of her personal history"). Because Wu's past persecution claim depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003). Wu also waived any challenge to the IJ's denial of her application for CAT relief on that basis by not sufficiently arguing the issue in her brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

With respect to Wu's claim that she has a well-founded fear of future persecution on account of the birth of her two U.S. citizen children, we have previously reviewed the agency's consideration of evidence similar to that which Wu submitted and have found no error in its conclusion that such evidence is insufficient to establish an alien's *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169-72 (2d Cir. 2008); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). In her brief, Wu points to no additional evidence that the agency failed to consider that would render her claim distinguishable.

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk