**DING LIAN ZOU, Petitioner,**

v.

**Alberto R. GONZALES, Department of Homeland Security, Respondents.**

No. 06–0057–ag.

United States Court of Appeals,
Second Circuit.

Sept. 27, 2006.

Stuart Altman, New York, New York, for Petitioner.

Melaine A. Williams, Assistant United States Attorney, for David E. Nahmias, United States Attorney for the Northern District of Georgia, Atlanta, Georgia, for Respondents.

PRESENT: Hon. WILFRED FEINBERG, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Ding Lian Zou, a native and citizen of China, seeks review of a December 19, 2005 order of the Board of Immigration Appeals ("BIA") sustaining the government's appeal from the August 12, 2004 decision of Immigration Judge ("IJ") Annette S. Elstein granting petitioner's applications for asylum and withholding of removal. *In re Ding Lian Zou, a.k.a. Dian Lian Tapia,* No. A70 895 410 (B.I.A. Dec. 19, 2005), rev'g No. A70 895 410 (Immig. Ct. N.Y. City Aug. 12, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). Questions of law and the application of law to fact are reviewed *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The BIA found that Zou's asylum and withholding of removal claims were too speculative too qualify her for relief. In reaching its decision, the BIA found, *inter alia,* that according to the 1998 State Department Profile of Asylum Claims and Country Conditions for China, "there is no known national policy regarding children born abroad, but anecdotal evidence from the Fujian province, where [Zou's] family resides, indicates that couples returning to China after having children in the United States are 'at worst, given modest fines' ... [and] the Fujian province has been 'relatively liberal' in its implementation of the family planning restrictions." *See also Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam) (same).

In *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), we recently addressed whether having a United States citizen child and a Chinese citizen child may violate China's one-child policy, as it is enforced in Fujian Province. In *Shou Yung Guo,* the petitioner moved to reopen her case based on 2003 decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration which explicitly dealt with the sanctions applicable to Chinese nationals who had given birth to a child while living abroad. *Id.* at 112–13. Both essentially state that a foreign-born child will be treated as a Chinese national for family planning enforcement purposes, and that, upon resettlement, Chinese citizens with foreign-born children shall be sanctioned according to family-planning rules and regulations enforced at the local level. *Id.* at 112–14.

We hereby take judicial notice of the 2003 decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration, as described in *Shou Yung Guo.* These decisions directly bear on the conclusions of the BIA in this case, and undermine a significant portion of its finding that Zou's asylum and withholding of removal claims were too speculative to qualify her for relief. We cannot confidently predict that the BIA's outcome would be the same in light of these 2003

decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration described in *Shou Yung Guo. See Li Zu Guan v. INS,* 453 F.3d 129, 137 (2d Cir.2006). We therefore GRANT the petition for review, VACATE the decision of the BIA, and REMAND this case for further proceedings consistent with this opinion and our recent decision in *Shou Yung Guo.* Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.