**Engjellushe HASANI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3561–ag.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2006.

Aleksander Milch, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney, Luke E. Dembosky, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: GUIDO CALABRESI, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft.

## SUMMARY ORDER

Engjellushe Hasani, a native and citizen of Albania, seeks review of a June 9, 2004 order of the Board of Immigration Appeals ("BIA") reversing the November 20, 2002 decision of Immigration Judge ("IJ") Terry Bain granting petitioner's application for asylum. *In re Engjellushe Hasani,* No. A78 688 651 (B.I.A. June 9, 2004), *rev'g* No. A78 688 651 (Immig. Ct. N.Y. City Nov. 20, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). Where a factual determination rests on a credibility finding, we "afford particular deference in applying the substantial evidence standard." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) (internal quotation marks omitted). However, "the fact that the BIA has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In holding that an applicant is not credible, the BIA must provide "specific, cogent reasons" that "bear a legitimate nexus to the finding," and the BIA cannot base an adverse credibility determination on speculation or an incorrect analysis of the applicant's testimony or evidence. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted)

Here, the BIA's adverse credibility finding is supported by substantial evidence. The BIA correctly concluded that, absent a satisfactory explanation or rebuttal by Hasani of a consular report that "directly contradicted [Hasani's] assertion that she was a journalist in Albania and was persecuted as a result of her status as a journalist," that report impeached Hasani's credibility. *See Borovikova v. United States DOJ,* 435 F.3d 151, 157–58 (2d Cir.2006). The BIA considered the evidence submitted by Hasani to rebut the consular report and found that this evidence was not adequately persuasive. The consular report here was sufficiently reliable for the BIA to base its credibility determination on it. Accordingly, we cannot say that the BIA erred in holding that the IJ clearly erred when the IJ found that Hasani's rebuttal evidence overcame the credibility concerns raised by the report. *See Zhen Nan Lin v. U.S. Dept. of Justice,* 459 F.3d 255, 269–72 (2d Cir.2006); 8 C.F.R. § 1003. 1(d)(3)(i)(factual findings by the IJ, including credibility determinations, are reviewed by the BIA for clear error).

As the BIA did not err when it held that Hasani failed to satisfy the statutory burden of proof required for asylum, the petitioner is necessarily unable to meet the higher standard to secure withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). And given the BIA's adverse credibility finding, as well as Hasani's failure to point to any independent evidence suggesting that she was more likely than not to be tortured if returned to Albania, substantial evidence also supports the BIA's denial of Hasani's claim for relief under the Convention Against Torture.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).