**YUNXIA LIU, Lian Jin Wang, Petitioners,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2687–ag.

United States Court of Appeals, Second Circuit.

Dec. 19, 2006.

Gary J. Yerman, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney, Eastern District of Kentucky, Charles P. Wisdom, Appellate Chief, Cheryl D. Morgan, Assistant United States Attorney, Lexington, KY, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

**46**

**SUMMARY ORDER**

Yunxia Liu and Lin Jin Wang, natives and citizens of China, seek review of a May 12, 2006 order of the BIA reversing immigration judge ("IJ") Margaret Mc-Manus' December 1, 2004 decision granting Liu's and Wang's application for asylum. *In re Yunxia Liu, Lin Jin Wang,* Nos. A97 478 691, A73 162 913 (B.I.A. May 12, 2006), *rev'g* A97 478 691, A73 162 913 (Immig. Ct. N.Y. City Dec. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, it will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ The BIA noted that Fujian province did not have a current record of forced abortions or sterilizations. It also noted that State Department material in the record indicated only that the Chinese government imposed economic penalties on families that do not comply with family planning laws. This Court has consistently required specific evidence in the record indicating a possibility of future involuntary abortion or sterilization in order to establish *prima facie* eligibility for relief based on United States-citizen children. *See, e.g., Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (finding that, "[i]n the absence of solid support in the record" for Petitioners' assertion that he would be subjected to persecution on account of his two U.S.-born children, "his fear [was] speculative at best"); *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (finding that an affidavit by Dr. John Aird and the 1998 State Department Profile of Asylum Claims were not alone sufficient to establish prima facie eligibility for relief, and requiring more specific evidence that U.S.-born children would be counted as Chinese citizens under the family planning policy in order to succeed on claims for relief); *see also Matter of C–C–,* 23 I. & N. Dec. 899 (BIA 2006) (holding that an alien seeking to reopen removal proceedings based on a claim that the birth of a second child in the United States would result in the alien's forced sterilization in China could not establish prima facie eligibility for relief where the Aird affidavit and the relevant country conditions reports did not indicate that Chinese nationals returning to that country with foreign-born children have been subjected to forced sterilization in the alien's home province). Additionally, although this Court warned in *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004) against overreliance on State Department material, State Department reports are probative. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). Because the BIA considered the State Department's country materials in conjunction with Liu's and

Wang's testimony and submitted documentary evidence and reasonably determined that nothing indicated that they would be subject to involuntary abortion or sterilization due to their United States-citizen children, its determination that Liu and Wang failed to establish a well-founded fear of future persecution is supported by the record as a whole.

However, in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), we remanded the case to the BIA for further consideration of materials overlooked by the BIA in denying a motion to reopen. There, we found that the BIA had failed to sufficiently examine the Fujian province family planning decisions presented by the petitioner in support of the motion to reopen, noting that it was not apparent that the BIA had "paid any attention" to the documents. More recently, in *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 111 (2d Cir.2006), we took cognizance of the *Shou Yung Guo* documents despite the petitioner's failure to bring them to our attention, and determined that the documents necessitated remand to the BIA. Because the existence of these presumably important documents cannot be overlooked, we remand this case to the BIA for further consideration of the petitioners' asylum and withholding claims in light of these documents. Because the petitioners have failed to sufficiently argue the merits of the agency's denial of CAT relief before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with his order. Petitioner's motion for stay of removal is GRANTED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).