**Igor Vasilievich KONAYEV, Petitioner,**

v.

**Peter D. KEISLER, Acting United States, Attorney General,\* Respondent.**

**No. 04–4476–ag.**

United States Court of Appeals, Second Circuit.

Sept. 24, 2007.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Jesse Lloyd, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney; Jack Donatelli, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Igor Vasilievich Konayev, a citizen of Kazakhstan, seeks review of an August 4, 2004 order of the BIA, affirming the March 10, 2003 decision of Immigration Judge ("IJ") Joseph A. Russelburg, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Igor Vasilievich Konayev*, No. A95 841 385 (B.I.A. Aug. 4, 2004) *aff'g* No. A95 841 385 (Immig. Ct. N.Y. City March 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). Because the BIA did not reach the merits of the IJ's adverse credibility finding, it is unclear whether it adopted or rejected it. Regardless, because the burden of proof finding is dispositive here, we will assume credibility and review only that finding.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Edimo–Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir.2006).

The agency's finding that Konayev did not meet his burden of proof is supported by substantial evidence. The agency reasonably found no evidence in the record that the government of Kazakhstan was either unable or unwilling to protect Ko-

nayev from his assailants. Although the government was unsuccessful in finding the individuals responsible for the attacks on Konayev and the threatening phone calls to his wife, there is no indication that it was unwilling to protect him. Indeed, the police attempted to protect Konayev and his family by investigating the reported crimes.

Further, we agree with the BIA that because Konayev did not provide the government with necessary information, his argument that the government was unable to protect his family is unavailing. The record reflects that Konayev failed to tell the police about the likely connection between his attackers and a Muslim individual that converted to Christianity because of Konayev's proselytizing. Konayev also failed to tell the authorities that he was attacked a second time. Thus, the agency's finding that the government was not unable or unwilling to protect Konayev is supported by substantial evidence. *Cf. Ivanishvili v. United States Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006).

Because Konayev was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Similarly, because he has not established that it is more likely than not that he would be tortured in Kazakhstan, denial of CAT relief was also appropriate. *Id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DE-NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).