XIU YAN LIN, Petitioner,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 05–6869–ag.

United States Court of Appeals, Second Circuit.

Jan. 28, 2008.

Xiu Yan Lin, pro se, New York, New York, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Southern District of Texas, Elizabeth F. Karpati, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Yan Lin, a citizen of the People's Republic of China, seeks review of a December 1, 2005 order of the BIA

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

affirming the June 16, 2004 decision of Immigration Judge ("IJ") Philip L. Morace denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Xiu Yan Lin,* No. A97 660 210 (B.I.A. Dec. 1, 2005), *aff'g* No. A97 660 210 (Immig. Ct. New York City, Jun. 16, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Belortaja v. Gonzales,* 484 F.3d 619, 623 (2d Cir.2007).

The vagueness of testimony may be an independent basis for denying a claim irrespective of credibility, but only where the testimony does not identify facts corresponding to each of the elements on which the applicant has the burden of proof. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). In this case, it was proper for the agency to deny Lin's application on vagueness grounds even though she was ultimately deemed credible.

█ Lin does not contend that she experienced past persecution, and to establish asylum eligibility based on future persecution, she must show both that she subjectively fears persecution and that this fear is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Although the agency accepted that Lin subjectively fears future persecution, it properly concluded that her testimony failed to establish that her fear of future persecution is objectively reasonable. By her own admission, Lin is not, and has never been, a practitioner of Falun Gong. Her fear of persecution apparently stems from the fact that her parents practice Falun Gong and her mother was once warned over the phone that the police intended to arrest her entire family.

On appeal, Lin argues that it was "unreasonable" for the BIA to expect her testimony to be more specific since Lin admittedly has no first-hand knowledge of the threats made against her family. But the IJ in this case also concluded that the letter submitted by Lin from her parents was also lacking in critical detail. In sum, Lin offered very little evidence that might establish an objective fear of future persecution and, as a result, the BIA was well within its discretion in determining that Lin had failed to meet her burden of proof in presenting her claim for asylum. *See Matter of S–M–J,* 21 I. & N. Dec. 722, 729 (BIA 1997).

█ Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

█ Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Lin has failed to sufficiently argue her CAT claim before this Court, and because addressing this claim does not appear to be necessary to avoid manifest injustice, we deem this claim abandoned.

For the foregoing reasons the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).