**Qaiser RAFIQUE, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

No. 07–3193–ag.

United States Court of Appeals, Second Circuit.

March 20, 2008.

Robert C. Ross, West Haven, CT, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Qaiser Rafique, a native and citizen of Pakistan, seeks review of a June 27, 2007 order of the BIA, affirming the November 10, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qaiser Rafique*, No. A79 693 816 (B.I.A. June 27, 2007), *aff'g* No. A79 693 816 (Immig. Ct. Hartford Nov. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, because the BIA rejected the IJ's adverse credibility determination, we assume without deciding Rafique's credibility for purposes of our review. *Yan Chen v. Gonzales*, 417 F.3d 268, 271–72 (2d Cir.2005). Although we find that the BIA properly determined that the harm Rafique suffered in the past did not amount to persecution, we find significant errors in the BIA's evaluation of whether he established a likelihood of future persecution.[2] First, the BIA erroneously concluded that Rafique had provided "no evidence that government authorities or ... the rival party ... has targeted him," where he had submitted eight letters from family members, friends, and fellow members of the Pakistan Peoples Party, detailing continuous threats against him made by members of the Pakistan Muslim League and the police. *See Yan Chen*, 417 F.3d at 272.

The BIA further erred in finding that Rafique was not eligible for withholding of removal because he could safely relocate within Pakistan. The agency's regulations provide that "[i]n cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him or her to relocate, unless the persecutor is a government or is government-sponsored." 8 C.F.R. § 1208.16(b)(3)(i). Where the persecutor is a government or is government-sponsored, "it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that under all the circumstances it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.16(b)(3)(ii). Here, as the BIA erroneously ignored evidence linking Rafique's alleged persecutor to the government, the BIA failed to properly consider whether Rafique had the burden of establishing the reasonableness of internal relocation or whether relocation was presumptively unreasonable. Moreover, if the burden was with the government, the BIA erred in failing to provide any reasoned basis for concluding "that under all the circumstances it would be reasonable" for Rafique to relocate.[3] *See Hong Ying Gao v. Gonzales*, 440 F.3d 62, 71–72 (2d Cir.2006), *vacated on other grounds by Keisler v. Hong Yin Gao*, —— U.S. ——, 128 S.Ct. 345, 169 L.Ed.2d 2 (2007). In any event, a determination as to the reasonableness of relocation would likely require factual determinations that are beyond the scope of the BIA's permissible review. *See* 8 C.F.R. § 1003.1(d)(3)(i).

As the BIA ignored evidence in the record and failed to provide an adequate basis for its decision, we remand for reconsideration of its holding that Rafique failed to establish eligibility for withholding of removal. *See Yan Chen*, 417 F.3d at 272–73.

For the foregoing reasons, the petition for review is GRANTED. As we have

---

**2.** Rafique explicitly waives any challenge of the 2 agency's decision pretermitting his application for asylum and denying him relief under CAT.

**3.** Indeed, it appears that the BIA based its conclusion 3 that Rafique could safely relocate on his testimony that he stayed with an aunt for three months and an uncle for two months, simply ignoring his testimony that these attempts at relocation were unsuccessful for some undisclosed reason.

completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).