**Aie WU, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 07–3148–ag.**

United States Court of Appeals, Second Circuit.

March 31, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Charles Christophe, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan Robbins, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Aie Wu, a citizen of the People's Republic of China, seeks review of a July 11, 2007 decision of the BIA which vacated the June 6, 2005 decision of Immi-

gration Judge ("IJ") Patricia A. Rohan granting Wu's application for asylum. *In re Aie Wu*, No. A98 586 807 (B.I.A. July 11, 2007), *rev'g* No. A98 586 807 (Immig. Ct. N.Y. City June 6, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ As an initial matter, under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." This jurisdictional rule is absolute with respect to the requirements that an alien appeal to the BIA before filing a petition for review, *see Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir.2004), and that on appeal to the BIA, he or she raise each category of relief subsequently raised in this Court. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir.2003)). Here, Wu withdrew her application for CAT relief at her June 2006 hearing before the IJ, and acknowledged that she had withdrawn that application in her appeal to the BIA. Thus, as a statutory matter, we are without jurisdiction to consider any challenge to the denial of that relief, and the petition is dismissed to that extent. 8 U.S.C. § 1252(d)(1).

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted).

■ The record supports the BIA's finding that Wu failed to establish a well-founded fear of persecution in China based on the fact that she has two U.S. citizen children. *See Matter of C–C–*, 23 I. & N. Dec. 899 (BIA 2006); *Matter of J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007); *Matter of J–H–S–*, 24 I. & N. Dec. 196 (BIA 2007). The BIA properly concluded that the fact that Wu's mother was forcibly sterilized in 1983 after having children in China has "little or no bearing," BIA Order at p. 2, on whether Wu currently has an objectively reasonably fear of persecution based on having two U.S.-born children. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

The BIA properly based its decision on the 2004 U.S. Department of State Profile of Asylum Claims and Country Conditions's finding that there is no evidence that returnees from the United States are being forced to undergo sterilization. The BIA's finding was also supported by the 2007 U.S. Department of State Profile of Asylum Claims and Country Conditions for China, which reports that Chinese regulations stipulate that children born overseas are not counted for purposes of administering the family planning policy.

■ In her brief, Wu argues that "BIA erred by exclusively relying on the State Department reports due to their inherent flaws." However, the BIA properly relied on the State Department reports where Wu did not present any contradictory evidence in support of her appeal to the BIA. *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). And the BIA did not rely on the State Department reports exclusively. It also looked to the Resource Information Center reports in its decision. Nor is there any indication in the record

that the BIA failed to consider Wu's testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir. 2006).

Based on its finding that Wu failed to establish the objective likelihood of persecution needed to make out an asylum claim, the BIA properly concluded that her claim for withholding of removal necessarily failed. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Wu argues that her due process rights were violated because she was not "provided an opportunity to confront the arguments presented by the government." However, because Wu had the opportunity to respond to the Government's arguments in the brief she submitted to the BIA, there is no indication of a due process violation. *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part and DISMISSED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.