**FUGUAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–4813–ag.**

United States Court of Appeals, Second Circuit.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B.

July 10, 2008.

Gary J. Yerman, Esq., New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, James E. Grimes, Senior Litigation Counsel, Daniel Glenn Lonergan, Trial Attorney, Office of Immigration Litigation, Civil Div., U.S. Department of Justice, Wash., D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Fuguan Chen, a native and citizen of the People's Republic of China, seeks review of an October 10, 2007 order of the BIA affirming the September 14, 2005 decision of Immigration Judge ("IJ")

Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fuguan Chen,* No. A78 731 647 (B.I.A. Oct. 10, 2007), *aff'g* No. A78 731 647 (Immig. Ct. N.Y. City Sept. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ in any respect, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). In this case, the BIA reversed the IJ's credibility finding and denied relief on an alternate basis not discussed in the IJ's decision. Thus, although the BIA effectively affirmed the IJ's denial of relief, it did so on grounds completely different from those identified by the IJ. Accordingly, we review the BIA's decision as the final administrative decision in this case. *See Yan Chen,* 417 F.3d at 271; *Jin Yu Lin,* 413 F.3d at 191 n. 4.

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Here, the BIA properly found that, as a matter of law, Chen was not *per se* eligible for relief based on his wife's forced abortion and forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309–10 (2d Cir.2007); *Matter of J–S–,* 24 I. & N. Dec. 520, 528 (B.I.A.2008). The Board then reviewed the record to determine whether Chen was eligible for asylum based on "other resistance" to China's family-planning policy, a ground we recognized in *Shi Liang Lin,* 494 F.3d at 309–10 (holding that an applicant whose spouse has been subjected to a forced abortion or sterilization may be eligible for relief by demonstrating past persecution or a well-founded fear of future persecution based on his "other resistance to a coercive population control program"); *Matter of J–S–,* 24 I. & N. Dec. at 534 (same). Although crediting Chen's account that he understandably tried to stop the officials when they came to take his wife away for an abortion and that the couple was later held out as a "negative example" to others in the community, the Board implicitly concluded that the record contained no factual disputes requiring a remand to the IJ for resolution, *see* 8 C.F.R. §§ 1003.1(d)(3)(i),(iv) (prohibiting BIA fact-finding), and reached the legal conclusion that Chen "has not established past persecution or a fear of future persecution for 'resistance' that is directly related to his own opposition to a coercive family planning policy." We are satisfied that this was a conclusion the Board was entitled to reach.

We decline to review Chen's CAT claim. Chen failed to meaningfully identify any legal or factual error in the IJ's denial of CAT relief either on appeal to the BIA or in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).