**CUI JIN YU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, et. al., Respondents.**

No. 07–5654–ag.

United States Court of Appeals, Second Circuit.

Sept. 17, 2008.

Craig T. Donovan, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Cui Jin Yu, a native and citizen of the People's Republic of China, seeks review of a November 23, 2007 order of the BIA denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), reversing the December 14, 2005 decision of Immigration Judge ("IJ") George T. Chew, granting her application for asylum. *In re Cui Jin Yu,* No. A98 690 029 (B.I.A. Nov. 23, 2007), *rev'g* No. A98 690 029 (Immig. Ct. N.Y. City Dec. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Vumi v. Gonzales,* 502 F.3d 150, 153 (2d Cir.2007).

We find that the BIA's burden-of-proof finding is amply supported by the record. To establish asylum eligibility based on a claimed fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear

is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). A fear is objectively reasonable "even if there is only a slight, though discernible, chance of persecution." *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000) (citing *INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). On the other hand, a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

Here, the BIA did not err in finding that the evidence in the record did not support Yu's claim that her fear was objectively reasonable. Both this Court and the BIA have concluded that "the oft-submitted 'Aird Affidavit' prepared by retired demographer and immigration expert Dr. John S. Aird[ ] was inadequate to establish the existence of an official policy of forced sterilization on the part of any Chinese province or locality, and thus insufficient to show that the applicants were likely to face forced sterilization if returned to China." *Jin Xiu Chen v. U.S. Dept. of Justice*, 468 F.3d 109, 110 (2d Cir.2006); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274–76 (2d Cir.2006) (finding, in the context of a motion to reopen, that the Aird Affidavit was insufficient to establish the existence of a policy of forced sterilization in China); *Matter of C–C–*, 23 I. & N. Dec. 899, 903 (B.I.A.2006) (finding the Aird Affidavit insufficient to establish prima facie eligibility for relief on a claim of forced sterilization). Further, Yu's argument that her mother's and aunt's sterilizations provided sufficient evidence that she herself would be sterilized is "speculative at best," where she has not established that the authorities are aware of her U.S.—born children or that the penalty would be the same as that imposed on her family members whose children were born in China. *See Jian Xing Huang*, 421 F.3d at 129. Accordingly, the BIA did not err in denying Yu's application for asylum.

Yu argues that the BIA erred in finding her ineligible for withholding of removal and CAT relief where the IJ had not made any finding regarding those forms of relief in the first instance, having granted Yu's application for asylum. While the BIA reviews an IJ's factual findings for clear error and may not itself engage in fact-finding, the BIA reviews *de novo* "questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges." 8 C.F.R. § 1003.1(d)(3)(i)–(iv); *see also Wood v. Mukasey*, 516 F.3d 564, 569 (7th Cir.2008)(holding that the BIA properly denied an application for adjustment of status in the first instance where the applicant had requested a continuance and a remand to pursue the application before the IJ). Therefore, the BIA did not err in finding that Yu was unable, as a matter of law, to establish eligibility for withholding of removal because she had provided insufficient objective evidence to satisfy the lower burden of proof required to establish her asylum claim. *See Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006). Similarly, because Yu's CAT claim was based upon the same factual predicate as her asylum and withholding claims, she was unable as a matter of law to show eligibility for CAT relief. *See id.* at 156–57; *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir.2004). In such circumstances, the BIA is not required to remand to the IJ. *See Wood*, 516 F.3d at 569.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Yu's pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).