**BI QI LIU, Petitioner,**

v.

**Eric H. HOLDER Jr.,**[1] **United States Attorney General, Respondent.**

No. 08–4795–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2009.

Weishan Wang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, T. Bo Stanton, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Bi Qi Liu, a citizen of the People's Republic of China, seeks review of a September 8, 2008 order of the BIA affirming the April 11, 2007 decision of Immigration Judge ("IJ") Sandy K. Hom denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Qi Liu,* No. A99 610 177 (BIA Sep. 8, 2008), *aff'g* No. A99 610 177 (Immig. Ct. N.Y. City Apr. 11, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *Jin Yu Lin v. U.S. Dep't of Justice,* 413 F.3d 188, 191 n. 4 (2d Cir.2005).[2] We review the agency's findings of fact under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The BIA properly concluded that Liu failed to demonstrate eligibility for asylum on account of his own "other resistance" to China's family planning policy. *See* 8 U.S.C. § 1101(a)(42). Liu argues that he demonstrated "other resistance" when he was coerced into stamping his wife's sterilization certificate as "voluntary." However, Liu's alleged resistance in no way "counteracted" or prevented "the force or effect of" the family planning laws as he, in fact, complied with the policy and obeyed the Chinese authorities. *Matter of S–L–L–,* 24 I. & N. Dec. 1, 10 (B.I.A.2006). Liu failed to establish that he engaged in resistance. Moreover, he was never arrested, mistreated, or physically harmed due to his alleged "opposition to the procedure." *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–41 (2d Cir.2006). The BIA properly concluded that Liu had not suffered past persecution.

Because Liu did not demonstrate "resistance," any subjective fear he may have of returning to China cannot be said to be "on account of" such resistance. *See* 8 U.S.C. § 1101(a)(42). Accordingly, where Liu established neither past persecution nor a well-founded fear of future persecution, there was no error in the agency's denial of his application for asylum.

Further, because Liu was unable to show the objective likelihood of persecution needed to make out an asylum claim, he is necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

2. Because the BIA found that the IJ's credibility determination was clearly erroneous, we do not review that finding. Moreover, Liu has not challenged the agency's denial of his

CAT claim. Therefore, we deem any such argument waived. *See Yueqing Zhang v. Gon-*

