03-40186-ag
Pan v. Holder

BIA
Chew, IJ
A073 597 034

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of November, two thousand nine.

PRESENT:
>        DENNIS JACOBS,
>             *Chief Judge,*
>        JON. O. NEWMAN,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*

_____

LIWEN PAN,
>        *Petitioner,*

>        v.                                03-40186-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
>        *Respondent.*

_____

---

  * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

**FOR PETITIONER:**     Theodore N. Cox, New York, New York.

**FOR RESPONDENT:**     Jeffrey S. Bucholtz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Liwen Pan, a native and citizen of the People's Republic of China, seeks review of a June 16, 2003 order of the BIA, reversing the October 16, 2001 decision of Immigration Judge ("IJ") George T. Chew, which granted her application for withholding of deportation. *In re Liwen Pan*, No. A073 597 034 (B.I.A. June 16, 2003), *rev'g* No. A073 597 034 (Immig. Ct. N.Y. City Oct. 16, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n.4 (2d Cir.

2

2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Pan argues that the BIA erred in concluding that she failed to demonstrate her eligibility for withholding of deportation based on the birth of her second child in the United States. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Pan presented and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 156-65 (2d Cir. 2008); *see also Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim). Further, while Pan argues that the BIA ignored some of her evidence, we "presume that [the agency] has taken into account all of the evidence before [it], unless the

3

record compellingly suggests otherwise," and there is nothing in the BIA's decision compelling the conclusion that it failed to take into account Pan's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). To the contrary, the BIA acknowledged that the record contained unattributed reports of isolated incidents of forced abortions and forced sterilizations in Pan's home province of Fujian, but reasonably found that such evidence was insufficient to indicate a likelihood that Pan would be singled out for such treatment, particularly in light of evidence in the record demonstrating the lax and uneven enforcement of the family planning policy in Fujian. *See Jian Hui Shao*, 546 F.3d at 153, 160, 165, 171 (finding that the BIA reasonably concluded that "unattributed 'reports' of forced sterilization that lack[] any specificity as to number or circumstance" do not, by themselves, demonstrate a reasonable possibility that a petitioner will face future persecution).

Moreover, contrary to Pan's argument, *Mufied v. Mukasey*, 508 F.3d 88 (2d Cir. 2007) does not indicate that remand is warranted in this case. Unlike the situation in *Mufied*, in which the petitioner raised a pattern and

4

practice claim that the agency failed to consider, 508 F.3d at 91, in this case, despite Pan's failure to raise such a claim, the BIA reasonably found that enforcement of the family planning policy in Fujian was sporadic and that forced abortions and sterilizations were not conducted systematically. *See Jian Hui Shao*, 546 F.3d at 150 n.6, 160-61, 165.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

5