08-3412-ag
Chen v. Holder

BIA
Chew, IJ
A073 054 457

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge*,
> JON O. NEWMAN,
> PIERRE N. LEVAL,
> > *Circuit Judges*.

———————————————————————————

QI BIN CHEN,
> *Petitioner*,

v.                                                      08-3412-ag
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
> *Respondent*.

———————————————————————————

———————————

[*]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Michael F. Hertz, Acting Assistant
                     Attorney General; Barry J. Pettinato,
                     Assistant Director; Kristin A. Moresi,
                     Trial Attorney, Office of Immigration
                     Litigation, United States Department
                     of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qi Bin Chen, a native and citizen of the People's Republic of China, seeks review of the June 19, 2008 order of the BIA, affirming the May 3, 2007 decision of Immigration Judge ("IJ") George T. Chew, which denied his motion to reopen. *In re Qi Bin Chen*, No. A073 054 457 (B.I.A. June 19, 2008), *aff'g* No. A073 054 457 (Immig. Ct. N.Y. City May 3, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Jin Yu Lin v. U.S. Dep't of Justice*, 413 F.3d 188, 191 n.4 (2d Cir. 2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the agency

considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not err in affirming the IJ's denial of Chen's untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.23(b). We have previously reviewed the agency's consideration of evidence similar to that which Chen submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions excusing the untimely filing of a motion to reopen or a reasonable possibility of forced sterilization. *See Jian Hui Shao*, 546 F.3d at 169-72; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Because the BIA found that the IJ reasonably concluded that Chen failed to demonstrate either material changed country conditions excusing the untimely filing of his motion to reopen or his *prima facie* eligibility for relief from removal, we need not consider his challenge to the agency's determination that his proceedings did not warrant reopening as a matter of discretion. *See* 8 C.F.R. § 1003.23(b); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-